# EXHIBIT A

**State Court Record**



# Sumter County
# Third Judicial Circuit
# Public Index



Sumter County Home Page  South Carolina Judicial Department Home Page  SC.GOV Home Page

Switch View

## Lincoln High School Preservation Alumni Association, Inc. VS Auto Owners Insurance Company , defendant, et al

| Case Number: | 2026CP4300801 | Court Agency: | Common Pleas | | Filed Date: | 05/20/2026 |
|---|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Fraud/Bad Faith 150 | | File Type: | Mediator - Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | | |
| Disposition: | | Disposition Date: | | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | | |
| Judgment Number: | | Court Roster: | | | | |

**Case Parties**   **Judgments**   **Tax Map Information**   **Associated Cases**   **Actions**   **Financials**

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Lincoln High School Preservation Alumni Association, Inc. | ADR/Alternative Dispute Resolution (Clerk Workflow) | Action | | 12/16/2026-16:36 | | |
| Auto Owners Insurance Company | NEF(06-27-2026 02:14:38 PM) Answer/Amended Answer | Filing | | 06/29/2026-08:30 | | 🗎 |
| Auto Owners Insurance Company | Answer/Amended Answer | Filing | | 06/27/2026-14:14 | | 🗎 |
| Auto Owners Insurance Company | Answer/Answer | Filing | | 06/25/2026-16:20 | | |
| Lincoln High School Preservation Alumni Association, Inc. | NEF(06-04-2026 11:18:37 AM) Service/Certificate Of Servi... | Filing | | 06/04/2026-11:20 | | 🗎 |
| Lincoln High School Preservation Alumni Association, Inc. | Service/Acceptance Of Service on Auto Owners Insurance Compa | Filing | | 06/04/2026-11:18 | | 🗎 |
| Lincoln High School Preservation Alumni Association, Inc. | Service/Certificate Of Service Certified Mail on Assuredpart | Filing | | 06/04/2026-11:18 | | 🗎 |
| Lincoln High School Preservation Alumni Association, Inc. | Summons & Complaint | Filing | | 05/20/2026-16:36 | | 🗎 |

CMSWeb 7.2 © 2026 South Carolina Judicial Branch ● All rights reserved



# Sumter County
# Third Judicial Circuit
# Public Index



[Sumter County Home Page](#)   [South Carolina Judicial Department Home Page](#)   [SC.GOV Home Page](#)

Switch View

## Lincoln High School Preservation Alumni Association, Inc. VS Auto Owners Insurance Company , defendant, et al

| Case Number: | 2026CP4300801 | Court Agency: | Common Pleas | | Filed Date: | 05/20/2026 |
|---|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Fraud/Bad Faith 150 | | File Type: | Mediator – Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | | |
| Disposition: | | Disposition Date: | | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | | |
| Judgment Number: | | Court Roster: | | | | |

**Case Parties**   **Judgments**   **Tax Map Information**   **Associated Cases**   **Actions**   **Financials**

Click the ⊗ icon to show associated parties.

| Name | Address | Race | Sex | Year Of Birth | Party Type | Party Status | Last Updated |
|---|---|---|---|---|---|---|---|
| ⊗Assuredpartners Of South Carolina, Llc | | | | | Defendant | | 05/20/2026 |
| LaFave, Mary Daniel | | | | | Defendant Attorney | | 06/25/2026 |
| Thornwell, Deanene Porte' | | | | | Defendant Attorney | | 06/25/2026 |
| ⊗Auto Owners Insurance Company | | | | | Defendant | | 05/20/2026 |
| LaFave, Mary Daniel | | | | | Defendant Attorney | | 06/25/2026 |
| Thornwell, Deanene Porte' | | | | | Defendant Attorney | | 06/25/2026 |
| ⊗Cannon, Arien Peyton | | | | | Plaintiff Attorney | | 05/20/2026 |
| Lincoln High School Preservation Alumni Association, Inc. | | | | | Plaintiff | | 05/20/2026 |
| ⊗LaFave, Mary Daniel | | | | | Defendant Attorney | | 06/25/2026 |
| Assuredpartners Of South Carolina, Llc | | | | | Defendant | | 05/20/2026 |
| Auto Owners Insurance Company | | | | | Defendant | | 05/20/2026 |
| ⊗Lincoln High School Preservation Alumni Association, Inc. | | | | | Plaintiff | | 05/20/2026 |
| Cannon, Arien Peyton | | | | | Plaintiff Attorney | | 05/20/2026 |
| Sheheen, Austin Moses | | | | | Plaintiff Attorney | | 05/20/2026 |
| Sheheen, Vincent Austin | | | | | Plaintiff Attorney | | 05/20/2026 |
| ⊗Sheheen, Austin Moses | | | | | Plaintiff Attorney | | 05/20/2026 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Lincoln High School Preservation Alumni Association, Inc.** | | | | | Plaintiff | | 05/20/2026 |
| ⌃Sheheen, Vincent Austin | | | | | Plaintiff Attorney | | 05/20/2026 |
| **Lincoln High School Preservation Alumni Association, Inc.** | | | | | Plaintiff | | 05/20/2026 |
| ⌃Thornwell, Deanene Porte' | | | | | Defendant Attorney | | 06/25/2026 |
| **Assuredpartners Of South Carolina, Llc** | | | | | Defendant | | 05/20/2026 |
| **Auto Owners Insurance Company** | | | | | Defendant | | 05/20/2026 |

CMSWeb 7.2 © 2026 South Carolina Judicial Branch ● All rights reserved



# Sumter County
# Third Judicial Circuit
# Public Index



Sumter County Home Page  South Carolina Judicial Department Home Page  SC.GOV Home Page

| Switch View |
|---|

## Lincoln High School Preservation Alumni Association, Inc. VS Auto Owners Insurance Company , defendant, et al

| Case Number: | 2026CP4300801 | Court Agency: | Common Pleas | | Filed Date: | 05/20/2026 |
|---|---|---|---|---|---|---|
| Case Type: | Common Pleas | Case Sub Type: | Fraud/Bad Faith 150 | | File Type: | Mediator – Jury |
| Status: | Pending/ADR | Assigned Judge: | Clerk Of Court C P, G S, And Family Court | | | |
| Disposition: | | Disposition Date: | | | Disposition Judge: | |
| Original Source Doc: | | Original Case #: | | | | |
| Judgment Number: | | Court Roster: | | | | |

**Case Parties**   **Judgments**   **Tax Map Information**   **Associated Cases**   **Actions**   **Financials**

| Summary | | | | | |
|---|---|---|---|---|---|
| Fine/Costs: | $150.00 | Total Paid for fine/costs: | $150.00 | Balance Due: | $0.00 |

| Costs | | | | |
|---|---|---|---|---|
| Description | Cost Code | Amount | Charge Action | Disbursed Amount |
| SCJD Filing Fee Proviso $50 / $25 | SCJDPV | $50.00 | | $50.00 |
| Civil Filing Fee State 56% | CVFFST | $56.00 | | $56.00 |
| Civil Filing Fee County 44%/100% | CVFFCN | $44.00 | | $44.00 |

| Payments | | | | |
|---|---|---|---|---|
| Payment Date | Receipt Number | Entered By | Transaction Type Code | Payment Amount |
| 05/20/2026 | 85264 | C43SYOW | PY | $150.00 |

CMSWeb 7.2 © 2026 South Carolina Judicial Branch • All rights reserved

# EXHIBIT A-1

**Summons & Complaint**

ELECTRONICALLY FILED - 2026 May 20 4:36 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br>COUNTY OF SUMTER | IN THE COURT OF COMMON PLEAS<br>THIRD JUDICIAL CIRCUIT |
| | |
| Lincoln High School Preservation Alumni<br>Association, Inc. | Civil Action No: 2026-CP-43-_____ |
| Plaintiff, | **SUMMONS** |
| vs. | |
| Auto-Owners Insurance Company and<br>AssuredPartners of South Carolina, LLC | |
| Defendant**s**. | |

**TO THE DEFENDANTS NAMED ABOVE:**

You are hereby summoned and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to said Complaint on the undersigned attorneys at their offices at 1111 Church Street, Camden, South Carolina, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

**Savage Royall and Sheheen, LLP**

**s/ Vincent A. Sheheen**
Vincent A. Sheheen, Bar Number 11552
Austin M. Sheheen, Bar Number 105856
Post Office Drawer 10
Camden, South Carolina 29020
(803) 432-4391

ELECTRONICALLY FILED - 2026 May 20 4:36 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

**Cannon Law Group, PC**

**s/ Arien P. Cannon**
Arien P. Cannon, Bar No. 103839
512 Rutledge Street
Post Office Box 532
Camden, South Carolina 29021
Phone: (803) 432-4402
ACannon@dncannonlaw.com

*Attorneys for Plaintiff*

May 20, 2026

2

ELECTRONICALLY FILED - 2026 May 20 4:36 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

STATE OF SOUTH CAROLINA
COUNTY OF SUMTER

IN THE COURT OF COMMON PLEAS
THIRD JUDICIAL CIRCUIT

Lincoln High School Preservation Alumni Association, Inc.

Plaintiff,

vs.

Auto-Owners Insurance Company and AssuredPartners of South Carolina, LLC

Defendant**s**.

Civil Action No: 2026-CP-43-_____

**COMPLAINT**
**(Jury Trial Demanded)**

The Plaintiff, complaining of the Defendants named above, hereby allege and plead as follows:

**PARTIES**

1. Plaintiff Lincoln Alumni Association, Inc. is a nonprofit entity organized under the laws of the State of South Carolina.

2. Upon information and belief, Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners") is a corporation organized under the laws of the State of Michigan that conducts business in Sumter County, South Carolina, through its agents, servants, and/or employees.

3. Upon information and belief, Defendant Assured Partners of South Carolina, LLC (hereinafter "AssuredPartners") operates as a licensee or agent of Auto-Owners Insurance Company. Defendant AssuredPartners is a local agency of Auto-Owners Insurance Company.

**JURISDICITON AND VENUE**

ELECTRONICALLY FILED - 2026 May 20 4:36 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

4. This Court has subject matter and personal jurisdiction over the parties, and venue is proper in this Court.

5. Upon information and belief, Defendants, who at all times relevant to the action, were engaged in business in South Carolina, including the business of providing insurance to South Carolina citizens.

6. Venue is proper in this forum pursuant to S.C. Code of Laws § 15-7-30 because it is where the most substantial part of the alleged acts and omissions giving rise to the causes of action stated herein occurred.

**FACTUAL ALLEGATIONS**

7. Beginning in 2003, Plaintiff sought and obtained commercial coverage from and through Defendants for a building structure located at 24 Council Street, Sumter, South Carolina.

8. Plaintiff, through Defendant AssuredPartners, obtained tailored protection coverage on the building structure located at 24 Council Street, Sumter, South Carolina, under a commercial insurance policy issued by Defendant Auto Owners.

9. Defendant AssuredPartners specifically undertook to advise Plaintiff as to their insurance needs and, with advice and assistance from Defendant AssuredPartners and its employees/agent, Plaintiff believed that they were procuring the proper coverage for their building located at 24 Council Street, Sumter, South Carolina.

10. Thereafter, Plaintiff paid the premiums for the policy and renewed their policy annually between 2003 and July of 2025. This policy was designated as policy number 094616-36111790-24.

11. The latest policy renewed by Plaintiff became effective July 29, 2024, through July 29, 2025.

12. At all times hereinafter mentioned, Plaintiff has paid all insurance premiums when due to Defendant Auto Owners.

ELECTRONICALLY FILED - 2026 May 20 4:36 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

13. On or about November 1, 2024, Plaintiff's building, located at 24 Council Street, Sumter, South Carolina, was the subject of a burglary, with numerous business personal property items being stolen from the building.

14. On or about January 8, 2025, Plaintiff's building, located at 24 Council Street, Sumter, South Carolina, was again the subject of a burglary, with numerous business personal property items being stolen from the building.

15. Plaintiffs subsequently made a claim for the loss and theft of property stolen from their premises, related to the November 2024 theft and the January 2025 theft.

16. On March 18, 2025, Defendant Auto Owners issued a Coverage Position Letter related to the November 2024 and January 2025 theft claims, denying coverage related to "any loss or damage caused by vandalism, theft, and attempted theft."

17. Defendant Auto Owners denied coverage of the theft claims based on its erroneous belief that the building located at 24 Council Street, Sumter, South Carolina, was vacant, as defined under the policy, for at least sixty (60) days prior to the date of loss.

18. On or about January 23, 2025, Plaintiff's building located at 24 Council Street, Sumter, South Carolina, suffered wind damage to the roof and water intrusion.

19. Plaintiff subsequently made a claim for the wind damage and water intrusion damage to the building.

20. By letter dated April 21, 2025, Defendant Auto Owners denied the claim related to the water damage and made a partial payment related to the roof damage.

21. Defendant Auto Owners' partial denial of the water damage claim was based, in part, on its erroneous belief that the building was vacant, as defined under the policy, for at least sixty (60) days prior to the date of loss, and that the timeframe in which to report the water leakage exceeded the allowable time under the policy.

3

22. Defendant AssuredPartners, through its agents/employees, was aware of the usage for the building structure located at 24 Council Street, Sumter, South Carolina, for the duration of the time the building was insured under the Auto Owner's policy.

23. Defendant AssuredPartners was also aware that the building located at 24 Council Street, Sumter, South Carolina, underwent an abatement and renovations in 2023 and 2024.

## FOR A FIRST CAUSE FOR ACTION
(Breach of Contract as to Defendant Auto Owners)

24. The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

25. Plaintiff entered into a binding, valid contract with the Defendant Auto Owners on insuring commercial property located at 24 Council Street, Sumter, South Carolina.

26. Defendant has refused and unjustifiably failed to perform their duty under the contract by refusing to pay insurance proceeds related to the losses described in this Complaint.

27. Plaintiff has suffered a pecuniary loss, including actual and consequential damages, and is entitled to these damages and punitive damages in an amount to be determined by a jury.

## FOR A SECOND CAUSE FOR ACTION
(Insurance Bad Faith as to Defendant Auto Owners)

28. The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

29. Plaintiff and Defendant Auto Owners entered a mutually binding contract under Plaintiff's commercial property insurance policy.

30. On or about February 8, 2025, Plaintiff submitted a claim for damages related to theft under its commercial property insurance policy, which Defendant denied.

31. On or about February 8, 2025, Plaintiff also submitted a claim for damage to its building as a result of wind damage and water intrusion. This claim was accepted and paid, in part, and denied, in part.

4

ELECTRONICALLY FILED - 2026 May 20 4:36 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

ELECTRONICALLY FILED - 2026 May 20 4:36 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

32. Defendant's denial of Plaintiff's claims was in bad faith and an unreasonable action in breach of an implied covenant of good faith and fair dealing arising under the commercial property policy.

33. Defendant's refusal and denial of Plaintiff's claims under the policy caused damage to the Plaintiff.

**FOR A THIRD CAUSE FOR ACTION**
(Negligence as to Defendant AssuredPartners – in the alternative to Defendant Auto Owners Breach of Contract)

34. The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

35. In the Alternative to the breach of contract by Auto Owners, Defendant AssuredPartners specifically undertook a duty to advise Plaintiff with due care as to their insurance needs by providing advice and counsel to Plaintiff's building structure.

36. If it is determined that Auto Owner's coverage does not apply, then AssuredPartners, after undertaking this duty, breached their duty to Plaintiff by:

    a.   Failing to procure the proper coverage for Plaintiff's building structure;

    b.   any other breach that may be established at trial.

37. As a direct and proximate result of Defendant AssuredPartners' failure to provide the proper coverage in its insuring obligations, Plaintiff has suffered actual, consequential, and punitive damages, in an amount to be proven at trial.

38. Defendant AssuredPartners is vicariously liable for the acts and omissions of its employees/agents under the common law and statutory theories of respondeat superior, agency, and master/servant liability.

**FOR A FOURTH CAUSE FOR ACTION**
(Violation of Unfair Trade Practices Act as to all Defendants)

39. The allegations of the foregoing paragraphs are incorporated herein as set forth verbatim.

5

40. By the actions set forth above, Plaintiff is informed and believes that Defendants have engaged in unfair and deceptive practices and acts in the conduct of their business that violate S.C. Code Ann § 39-5-20.

41. At all times relevant here, Auto-Owners Insurance Company and AssuredPartners—as Auto-Owners' authorized agent—were engaged in commerce as defined by the South Carolina Unfair Trade Practices Act.

42. Auto-Owners' conduct referenced above constitutes unfair and deceptive practices in the conduct of its trade.

43. Auto-Owners' conduct referenced above is capable of repetition and adversely affects the public interest.

44. As a direct, foreseeable, and proximate result of the unfair trade practices of Defendants, Plaintiff has suffered significant damage and is entitled to an award of treble damages and attorney's fees.

Wherefore, the Plaintiff prays that this Court enter judgment against Defendants for the Plaintiff's actual and punitive damages, in an amount to be determined by the jury, for their reasonable costs for the action, and for any other such relief this Court deems just and proper.

[Signature Block on Next Page]

ELECTRONICALLY FILED - 2026 May 20 4:36 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

**Savage Royall and Sheheen, LLP**

**s/ Vincent A. Sheheen**
Vincent A. Sheheen, Bar No. 11552
Austin M. Sheheen, Bar No. 105856
Post Office Drawer 10
Camden, South Carolina 29020
(803) 432-4391

—and—

**Cannon Law Group, PC**

**s/ Arien P. Cannon**
Arien P. Cannon, Bar No. 103839
512 Rutledge Street
Post Office Box 532
Camden, South Carolina 29021
Phone: (803) 432-4402
Email: ACannon@dncannonlaw.com

*Attorneys for Plaintiff*

May 20, 2026

ELECTRONICALLY FILED - 2026 May 20 4:36 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

7

# EXHIBIT A-2

**Proof of Service**

ELECTRONICALLY FILED - 2026 Jun 04 11:18 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300801



# South Carolina
# Department of Insurance

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**HENRY McMASTER**
Governor

**MICHAEL WISE**
Director

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105

May 29, 2026

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
AUTO-OWNERS INSURANCE COMPANY
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223-0000

Dear Sir:

On May 29, 2026, I accepted service of the attached Summons and Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to ccrooks@doi.sc.gov.** When replying, please refer to File Number 209662, Lincoln High School Preservation Alumni Association, Inc. v. Auto-Owners Insurance Company, *et al.*, 2026-CP-43-00801.

By:

Gwendolyn McGriff
Deputy Director - Legal
(803)737-6732

Sincerely Yours,

Michael Wise
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Arien P. Cannon Esq.
       Cannon Law Group, PC
       512 Rutledge St., (P.O. Box 532)
       Camden, SC    29201

ELECTRONICALLY FILED - 2026 Jun 04 11:18 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

AssuredPartners of South Carolina, LLC
c/o CT Corporation System
2 Office Park, Suite 103
Columbia, South Carolina 29223

9590 9402 8517 3186 3636 30

2. Article Number *(Transfer from service label)*

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

ELECTRONICALLY FILED - 2026 Jun 04 11:18 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300801



USPS TRACKING# COLUMBIA SC 290
28 MAY 2026 PM 3 L

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

9590 9402 8517 3186 3636 30

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Cannon Law Group, PC
P.O. Box 532
Camden, South Carolina 29021

# Certificate of Electronic Notification

| Recipients |
| --- |
| **Austin Sheheen**  - Notification transmitted on 06-04-2026 11:18:53 AM. |
| **Vincent Sheheen**  - Notification transmitted on 06-04-2026 11:18:53 AM. |
| **Arien Cannon**  - Notification transmitted on 06-04-2026 11:18:53 AM. |

ELECTRONICALLY FILED - 2026 Jun 04 11:20 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

ELECTRONICALLY FILED - 2026 Jun 04 11:20 AM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

## ****** IMPORTANT NOTICE - READ THIS INFORMATION *****
## NOTICE OF ELECTRONIC FILING [NEF]

–

**A filing has been submitted to the court RE:**  2026CP4300801

| | |
|---|---|
| **Official File Stamp:** | 06-04-2026 11:18:37 AM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Sumter |
| **Case Caption:** | Lincoln High School Preservation Alumni Association, Inc. VS Auto Owners Insurance Company , defendant, et al |
| **Document(s) Submitted:** | Service/Certificate Of Service Certified Mail |
| | Service/Acceptance Of Service |
| **Filed by or on behalf of:** | Arien Peyton Cannon |

This notice was automatically generated by the Court's auto-notification system.

–

**The following people were served electronically:**

Vincent Austin Sheheen for Lincoln High School Preservation Alumni Association, Inc.

Austin Moses Sheheen for Lincoln High School Preservation Alumni Association, Inc.

Arien Peyton Cannon for Lincoln High School Preservation Alumni Association, Inc.

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Assuredpartners Of South Carolina, Llc

Auto Owners Insurance Company

# EXHIBIT A-3

**Auto-Owners Insurance
Company's Original Answer**

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

Lincoln High School Preservation Alumni Association, Inc.,

      Plaintiff,

v.

Auto-Owners Insurance Company and AssuredPartners of South Carolina, LLC,

      Defendants.

IN THE COURT OF COMMON PLEAS

Civil Action No. 2026-CP-43-00801

**DEFENDANTS' ANSWER TO THE PLAINTIFF'S COMPLAINT**

Defendants Auto-Owners Insurance Company and AssuredPartners of South Carolina, LLC (hereinafter "Defendants"), by and through the undesigned counsel, hereby answer Plaintiff Lincoln High School Preservation Alumni Association, Inc.'s (hereinafter "Plaintiff") Summons and Complaint, in the above-captioned matter as follows:

**FOR A FIRST DEFENSE**

1. Each and every allegation contained in the Plaintiff's Complaint is denied unless specifically admitted herein and all rights under the applicable insurance policy are hereby fully and completely reserved.

2. The allegations of Paragraph 1 are admitted.

3. The allegations of Paragraph 2 are admitted.

4. The allegations of Paragraph 3 are admitted.

5. The allegations of Paragraph 4 are predicated on legal conclusions for which no response is required. However, to the extent a response is required, it is admitted that Venue is proper in this Honorable Court but any and all liability by Defendants is denied.

1

6.     The allegations of Paragraph 5 are admitted.

7.     The allegations of Paragraph 6 are predicated on legal conclusions for which no response is required.  However, to the extent a response is required, it is admitted that Venue is proper in this Honorable Court but any and all liability by Defendants is denied.

8.     The allegations of Paragraph 7 are admitted insofar as a policy existed at the time of the alleged loss.

9.     The allegations of Paragraph 8 are admitted.

10.    The allegations of Paragraph 9 are admitted insomuch as Defendant AssuredPartners sold the subject insurance policy to Plaintiff.  Any and all liability by Defendants is denied.

11.    The allegations of Paragraph 10 are admitted insofar as a contract for insurance existed, policy #094616-36111790-24, with effective dates of July 29, 2024, to July 29, 2025 which speaks for itself, is subject to its declarations, terms, conditions, and exclusions, and is incorporated herein in its entirety by this reference. All remaining allegations of Paragraph 10 are denied.

12.    The allegations of Paragraph 11 are admitted.

13.    The allegations of Paragraph 12 are admitted.

14.    The allegations in Paragraph 13 are admitted insofar as a claim was submitted regarding an alleged theft that reportedly allegedly occurred on or about November 1, 2024. All remaining allegations of Paragraph 13 are denied.

15.    The allegations in Paragraph 14 are admitted insofar as a claim was submitted regarding an alleged theft that reportedly allegedly occurred on or about January 8, 2025. All remaining allegations of Paragraph 14 are denied.

16.    The allegations of Paragraph 15 are admitted insofar as Plaintiff submitted a claim;

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

however, it is denied that Plaintiff can establish that the subject policy provides coverage for the alleged loss.

17.     The allegations of Paragraph 16 are admitted.

18.     The allegations of Paragraph 17 are denied as stated and the applicable policy speaks for itself, is subject to its declarations, terms, conditions, and exclusions, and is incorporated herein in its entirety by this reference.

19.     The allegations of Paragraph 18 are admitted insofar as a claim was submitted regarding an alleged water intrusion and wind damage to the roof that allegedly occurred on January 23, 2025. All remaining allegations of Paragraph 18 are denied.

20.     The allegations of Paragraph 19 are admitted insofar as Plaintiff submitted a claim; however, it is denied that Plaintiff can establish that the subject policy provides coverage for the alleged loss.

21.     The allegations of Paragraph 20 are admitted.

22.     The allegations of Paragraph 21 are denied as stated and the applicable policy speaks for itself, is subject to its declarations, terms, conditions, and exclusions, and is incorporated herein in its entirety by this reference.

23.     The allegations of Paragraph 22 are denied.

24.     The allegations of Paragraph 23 are denied.

25.     The allegations of Paragraph 24 are summary in nature and do not require a response. However, to the extent a response is required to Paragraph 24, Defendants incorporated by reference the previously enumerated responses and all additional allegations of Paragraph 24 are denied.

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

26.  The allegations of Paragraph 25 are admitted insofar as a contract for insurance existed and that it is subject to its declarations, terms, conditions, and exclusions, and is incorporated herein by this reference.

27.  The allegations of Paragraph 26 are denied.

28.  The allegations of Paragraph 27 are denied.

29.  The allegations of Paragraph 28 are summary in nature and do not require a response. However, to the extent a response is required to Paragraph 28, Defendants incorporated by reference the previously enumerated responses and all additional allegations of Paragraph 28 are denied.

30.  The allegations of Paragraph 29 are admitted insofar as a contract for insurance existed and that it is subject to its declarations, terms, conditions, and exclusions, and is incorporated herein in its entirety by this reference.

31.  The allegations of Paragraph 30 are admitted insofar as Plaintiff submitted a claim; however, it is denied that Plaintiff can establish that the subject policy provides coverage for the alleged loss.

32.  The allegations of Paragraph 31 are admitted insofar as Plaintiff submitted a claim; however, it is denied that Plaintiff can establish that the subject policy provides coverage for the alleged loss.

33.  The allegations of Paragraph 32 are denied.

34.  The allegations of Paragraph 33 are denied.

35.  The allegations of Paragraph 34 are summary in nature and do not require a response. However, to the extent a response is required to Paragraph 34, Defendants incorporated by

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

reference the previously enumerated responses and all additional allegations of Paragraph 34 are denied.

36.    The allegations of Paragraph 35 are denied.

37.    The allegations of Paragraph 36, including its subparts (a.) through (b.), are denied.

38.    The allegations of Paragraph 37 are denied.

39.    The allegations of Paragraph 38 are denied.

40.    The allegations of Paragraph 39 are summary in nature and do not require a response. However, to the extent a response is required to Paragraph 39, Defendants incorporated by reference the previously enumerated responses and all additional allegations of Paragraph 39 are denied.

41.    The allegations of Paragraph 40 are denied.

42.    The allegations of Paragraph 41 are predicated on legal conclusions to which no response is required.  However, to the extent a response is required, it is denied that Paragraph 41 sets forth a complete or accurate statement of the law applicable to this matter and the allegations are denied.

43.    The allegations of Paragraph 42 are denied.

44.    The allegations of Paragraph 43 are denied.

45.    The allegations or Paragraph 44 are denied.

46.    The allegations of Plaintiff's unnumbered "WHEREFORE" paragraph on page 8 of the Complaint are denied.

### FOR A SECOND DEFENSE

47.    Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

48.    Plaintiff fails to state a claim for which relief may be granted on its cause of action for

5

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

breach of contract as Plaintiff cannot establish that Defendants had any obligations under the alleged policy for the claimed losses, if any.  Accordingly, the Complaint should be dismissed pursuant to South Carolina Rule of Civil Procedure 12(b)(6).

## FOR A THIRD DEFENSE

49.    Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

50.    Plaintiff fails to state a claim for which relief may be granted on his cause of action for bad faith refusal to pay first-party benefits since Plaintiff cannot show that Defendants acted unreasonably or that there exists an obligation by Defendants to pay any or additional benefits pursuant to the policy. Thus, Plaintiff's claim for bad faith refusal to pay should be dismissed pursuant to South Carolina Rule of Civil Procedure 12(b)(6).

51.    Alternatively, Plaintiff fails to state a claim for which relief may be granted on its cause of action for bad faith refusal to pay first-party benefits since it cannot show Defendants lacked a good faith basis to deny the claim, met the conditions precedent to entitle it to coverage and/or show that it is entitled to coverage under the Policy. Thus, the Plaintiff's claim for bad faith refusal to pay should be dismissed pursuant to South Carolina Rule of Civil Procedure 12(b)(6).

## FOR A FOURTH DEFENSE

52.    Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

53.    Plaintiff fails to state a claim for which relief may be granted on its claim for attorney's fees since Defendants had a reasonable basis to deny the claim and/or there are no benefits

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

due under the Policy as alleged. Accordingly, Plaintiff's claim for attorney's fees should be dismissed pursuant to South Carolina Rule of Civil Procedure 12(b)(6).

## FOR A FIFTH DEFENSE

54. Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

55. To the extent Plaintiff seeks relief against Defendants, any such claim is subject to or precluded by the declarations, terms, provisions, conditions, and exclusions of the Policy which speaks for itself, is unambiguous and is incorporated herein by reference in its entirety. All rights, defenses and claims available under the Policy are hereby expressly reserved.

## FOR A SIXTH DEFENSE

56. Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

57. The alleged damages suffered by Plaintiff, if any, were the result of his own acts or omissions or those of other parties, named or unnamed in this action, for which Defendants bears no responsibility.

## FOR A SEVENTH DEFENSE

58. Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

59. The facts not having been fully developed, Defendants affirmatively pleads any of the following defenses that may become applicable to this action: accord and satisfaction, arbitration and award, assumption of the risk, coercion, contract, election of remedies, estoppel, failure of consideration, fraud, illegality, laches, license, payment, notice, release,

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

res judicata, reverse bad faith, satisfaction, statute of frauds, unclean hands, waiver and any other matter constituting affirmative defense or an avoidance.

## FOR AN EIGHTH DEFENSE

60. Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

61. The alleged damages suffered by Plaintiff were as a result of his failure to take reasonable actions to adequately mitigate his damages, if any, by undertaking proper reasonable, preventative or curative measures.

## FOR A NINTH DEFENSE

62. Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

63. Plaintiff's claims are for losses or damages that are, in whole or in part, limited or excluded under the Policy for which Defendants has reserved all rights and defenses.

## FOR A TENTH DEFENSE

64. Defendants adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

65. Defendants alleges that any actions were reasonable and in good faith regarding a bona fide dispute.

## FOR AN ELEVENTH DEFENSE

66. Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

67. To the extent Plaintiff suffered any injuries as alleged, such injuries or damages were caused by Plaintiff's own actions, omissions or conduct, including violating the law, concealment or misrepresentations, such that the Plaintiff is barred from recovery.

**FOR A TWELFTH DEFENSE**

68. Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

69. Defendants allege that if any injuries and damages were sustained by Plaintiff, and the existence of such alleged injuries and damages is denied, said injuries and damages were caused by the sole negligence and/or willfulness of the Plaintiff, without which negligence and/or willfulness by the Plaintiff, said alleged injury or damage would not have occurred or been sustained and, for this reason, Plaintiff is wholly barred from or limited in recovery.

70. Alternatively, Defendants allege that if any injuries and damages were sustained by the Plaintiff, and the existence of such alleged injuries and damages is denied, said injuries and damages were caused by the negligence and/or willfulness of the Plaintiff, combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of Defendant and, for that reason, the Plaintiff's recovery, if any, must be reduced in proportion to the amount of his own negligence.

**FOR A THIRTEENTH DEFENSE**

71. Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

72. The facts not having been fully developed, Defendants reserve any additional and further defenses as may be revealed through the course of discovery and investigation, in a manner

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

that is consistent with the South Carolina Rules of Civil Procedure, and specifically, any and all defenses or remedies permitted by S.C. Code §38-59-10 et seq.

73. Defendants also incorporate by reference any and all defenses pleaded by Plaintiff in response to the allegations of the Complaint.

## FOR A FOURTEENTH DEFENSE

74. Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

75. Any injuries or damages sustained by Plaintiff as set forth in the Complaint, the same were due to the willful, wanton, reckless, careless and negligent act and conduct of others, named or unnamed in this action, which combined with, concurred with, and exceeded any willful, wanton, reckless or negligent acts and conduct on the part of Defendants, which is specifically denied, to bring about the injuries and damages, if any, as the proximate cause thereof, and without which the same would not have occurred and bars any recovery.

## FOR A FIFTEENTH DEFENSE

76. Defendants adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

77. Defendants at all times acted reasonably and in good faith in the exercise of its legal rights and at no time breached any duty, acted with any malice or fraud or fraudulent intent or ill-will toward the Plaintiff, or recklessly or wantonly, or with a conscious disregard for the Plaintiff's rights, and, thus, Plaintiff cannot sustain a claim for punitive damages. Further, punitive damages as sought by Plaintiff are excessive, unconstitutional and violate the Due Process Clause of the United States and South Carolina Constitutions.

10

ELECTRONICALLY FILED - 2026 Jun 25 4:20 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

78.    Defendants assert that Plaintiff's claims may be barred or otherwise limited pursuant to S.C. Code Ann. §15-32-510 et seq. and/or §38-61-10 et seq.

WHEREFORE, having fully answered the Complaint, Defendants pray for the relief requested and any other such relief the Court may deem appropriate.

Respectfully submitted,

*s/Deanene P. Thornwell*

Mary D. LaFave, SC BAR #75366
Deanene P. Thornwell, SC BAR #76983
LAFAVE BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
Phone: 803.724.5729 (Firm)
mary@lafavebagley.com
deanene@lafavebagley.com

*Attorneys for Defendants*

June 25, 2026

11

# Certificate of Electronic Notification

| Recipients | |
| --- | --- |
| **Austin Sheheen** | - Notification transmitted on 06-25-2026 04:21:15 PM. |
| **Vincent Sheheen** | - Notification transmitted on 06-25-2026 04:21:16 PM. |
| **Arien Cannon** | - Notification transmitted on 06-25-2026 04:21:15 PM. |

ELECTRONICALLY FILED - 2026 Jun 25 4:25 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

 A filing has been submitted to the court RE:  2026CP4300801

**Official File Stamp:**            06-25-2026 04:20:54 PM

**Court:**                          CIRCUIT COURT

                                    Common Pleas

                                    Sumter

**Case Caption:**                   Lincoln High School Preservation Alumni Association, Inc. VS Auto Owners Insurance Company , defendant, et al

**Event(s):**

Notice/Notice of Appearance

**Document(s) Submitted:**          Answer/Answer

**Filed by or on behalf of:**       Deanene Porte' Thornwell

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

                                    Vincent Austin Sheheen for Lincoln High School Preservation Alumni Association, Inc.

                                    Austin Moses Sheheen for Lincoln High School Preservation Alumni Association, Inc.

                                    Arien Peyton Cannon for Lincoln High School Preservation Alumni Association, Inc.

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

                                    Assuredpartners Of South Carolina, Llc

                                    Auto Owners Insurance Company

ELECTRONICALLY FILED - 2026 Jun 25 4:25 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

# EXHIBIT A-4

**Auto-Owners
Insurance Company's
Amended Answer**

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

STATE OF SOUTH CAROLINA

COUNTY OF SUMTER

Lincoln High School Preservation Alumni Association, Inc.,

      Plaintiff,

v.

Auto-Owners Insurance Company and AssuredPartners of South Carolina, LLC,

      Defendants.

IN THE COURT OF COMMON PLEAS

Civil Action No. 2026-CP-43-00801

**DEFENDANT AUTO-OWNERS INSURANCE COMPANY'S AMENDED ANSWER TO THE PLAINTIFF'S COMPLAINT**

Defendant Auto-Owners Insurance Company (hereinafter "Auto-Owners"), by and through the undesigned counsel, hereby files its Amended Answer to Plaintiff Lincoln High School Preservation Alumni Association, Inc.'s (hereinafter "Plaintiff") Summons and Complaint, in the above-captioned matter as follows:

**FOR A FIRST DEFENSE**

1. Each and every allegation contained in the Plaintiff's Complaint is denied unless specifically admitted herein and all rights under the applicable insurance policy are hereby fully and completely reserved.

2. The allegations of Paragraph 1 are admitted.

3. The allegations of Paragraph 2 are admitted insofar as Auto-Owners is a foreign corporation organized and existing under the laws of a state other than the State of South Carolina. Further, Auto-Owners admits that it is licensed and does conduct business in Sumter County, South Carolina. All remaining allegations of Paragraph 2 are denied.

4. The allegations of Paragraph 3 do not pertain to Auto-Owners and therefore do not require

1

a response by Auto-Owners. However, to the extent a response is required, the allegations of Paragraph 3 are denied.

5.    The allegations of Paragraph 4 are predicated on legal conclusions for which no response is required.  However, to the extent a response is required, the allegations of Paragraph 4 are admitted.

6.    The allegations of Paragraph 5 are denied as stated.

7.    The allegations of Paragraph 6 are predicated on legal conclusions for which no response is required.  However, to the extent a response is required, the allegations of Paragraph 6 are admitted though any and all liability by Auto-Owners is expressly denied.

8.    The allegations of Paragraph 7 are admitted insofar as Tailored Protection Policy #094616-36111790-24, which speaks for itself and is subject to its declarations, terms, conditions, and exclusions and is incorporated herein in its entirety by this reference, existed at the time of the alleged loss.

9.    The allegations of Paragraph 8 are admitted insofar as Tailored Protection Policy #094616-36111790-24, which speaks for itself and is subject to its declarations, terms, conditions, and exclusions and is incorporated herein in its entirety by this reference, existed at the time of the alleged loss. All remaining allegations of Paragraph 8 are denied.

10.    The allegations of Paragraph 9 do not pertain to Auto-Owners and therefore do require a response by Auto-Owners.  However, to the extent a response is required, upon information and belief Auto-Owners denies the allegations of Paragraph 9 as stated.

11.    The allegations of Paragraph 10 are admitted insofar as a contract for insurance existed, policy #094616-36111790-24, with effective dates of July 29, 2024, to July 29, 2025, which speaks for itself, is subject to its declarations, terms, conditions, and exclusions, and

2

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

is incorporated herein in its entirety by this reference. All remaining allegations of Paragraph 10 are denied.

12. The allegations of Paragraph 11 are admitted.

13. The allegations of Paragraph 12 are admitted.

14. The allegations in Paragraph 13 are admitted insofar as a claim was submitted regarding an alleged theft that reportedly allegedly occurred on or about November 1, 2024. All remaining allegations of Paragraph 13 are denied.

15. The allegations in Paragraph 14 are admitted insofar as a claim was submitted regarding an alleged theft that reportedly allegedly occurred on or about January 8, 2025. All remaining allegations of Paragraph 14 are denied.

16. The allegations of Paragraph 15 are admitted insofar as Plaintiff submitted a claim; however, it is denied that Plaintiff can establish that the subject policy provides coverage for the alleged loss.

17. The allegations of Paragraph 16 are admitted.

18. The allegations of Paragraph 17 are denied as stated and the applicable policy speaks for itself, is subject to its declarations, terms, conditions, and exclusions, and is incorporated herein in its entirety by this reference.

19. The allegations of Paragraph 18 are admitted insofar as a claim was submitted regarding an alleged water intrusion and wind damage to the roof that allegedly occurred on January 23, 2025. All remaining allegations of Paragraph 18 are denied.

20. The allegations of Paragraph 19 are admitted insofar as Plaintiff submitted a claim; however, it is denied that Plaintiff can establish that the subject policy provides coverage for the alleged loss.

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

21. The allegations of Paragraph 20 that are consistent with the coverage position letter issued by Auto-Owners are admitted and such document should be read as a whole along with the subject policy; however, any allegations in Paragraph 20 inconsistent with Auto-Owners coverage position letter and/or the policy are denied.

22. The allegations of Paragraph 21 are denied as stated and the coverage position letter and applicable policy speak for themselves and the policy is subject to its declarations, terms, conditions, and exclusions, and is incorporated herein in its entirety by this reference.

23. The allegations of Paragraph 22 do not pertain to Auto-Owners and therefore do require a response by Auto-Owners. However, to the extent a response is required, Auto-Owners is without sufficient information to form a belief as to the allegations of Paragraph 22, therefore, all allegations of Paragraph 22 are denied.

24. The allegations of Paragraph 23 do not pertain to Auto-Owners and therefore do require a response by Auto-Owners. However, to the extent a response is required, Auto-Owners is without sufficient information to form a belief as to the allegations of Paragraph 23, therefore, all allegations of Paragraph 23 are denied.

25. The allegations of Paragraph 24 are summary in nature and do not require a response. However, to the extent a response is required to Paragraph 24, Auto-Owners incorporated by reference the previously enumerated responses and all additional allegations of Paragraph 24 are denied.

26. The allegations of Paragraph 25 are admitted insofar as a contract for insurance existed and that it is subject to its declarations, terms, conditions, and exclusions, and is incorporated herein by this reference.

27. The allegations of Paragraph 26 are denied.

4

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

28.     The allegations of Paragraph 27 are denied.

29.     The allegations of Paragraph 28 are summary in nature and do not require a response. However, to the extent a response is required to Paragraph 28, Auto-Owners incorporated by reference the previously enumerated responses and all additional allegations of Paragraph 28 are denied.

30.     The allegations of Paragraph 29 are admitted insofar as a contract for insurance existed and that it is subject to its declarations, terms, conditions, and exclusions, and is incorporated herein in its entirety by this reference.

31.     The allegations of Paragraph 30 are admitted insofar as Plaintiff submitted a claim; however, it is denied that Plaintiff can establish that the subject policy provides coverage or additional coverage for the alleged loss.

32.     The allegations of Paragraph 31 are admitted insofar as Plaintiff submitted a claim; however, it is denied that Plaintiff can establish that the subject policy provides coverage or additional coverage for the alleged loss.

33.     The allegations of Paragraph 32 are denied.

34.     The allegations of Paragraph 33 are denied.

35.     The allegations of Paragraph 34 are summary in nature and do not require a response. However, to the extent a response is required to Paragraph 34, Auto-Owners incorporated by reference the previously enumerated responses and all additional allegations of Paragraph 34 are denied.

36.     The allegations of Paragraph 35 are denied insofar as the Breach of Contract claim against Auto-Owners.  The remaining allegations of Paragraph 35 do not pertain to Auto-Owners

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

and therefore do require a response by Auto-Owners. However, to the extent a response is required, upon information and belief Auto-Owners denies the allegations of Paragraph 35.

37.     The allegations of Paragraph 36 do not pertain to Auto-Owners and therefore do require a response by Auto-Owners. However, to the extent a response is required, upon information and belief Auto-Owners denies the allegations of Paragraph 36.

38.     The allegations of Paragraph 37 do not pertain to Auto-Owners and therefore do require a response by Auto-Owners. However, to the extent a response is required, upon information and belief Auto-Owners denies the allegations of Paragraph 37.

39.     The allegations of Paragraph 38 do not pertain to Auto-Owners and therefore do require a response by Auto-Owners. However, to the extent a response is required, upon information and belief Auto-Owners denies the allegations of Paragraph 38.

40.     The allegations of Paragraph 39 are summary in nature and do not require a response. However, to the extent a response is required to Paragraph 39, Auto-Owners incorporated by reference the previously enumerated responses and all additional allegations of Paragraph 39 are denied.

41.     The allegations of Paragraph 40 are denied.

42.     The allegations of Paragraph 41 are predicated on legal conclusions to which no response is required. However, to the extent a response is required, it is denied that Paragraph 41 sets forth a complete or accurate statement of the law applicable to this matter and the allegations are denied.

43.     The allegations of Paragraph 42 are denied.

44.     The allegations of Paragraph 43 are denied.

45.     The allegations or Paragraph 44 are denied.

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

46.     The allegations of Plaintiff's unnumbered "WHEREFORE" paragraph on page 8 of the Complaint are denied.

## FOR A SECOND DEFENSE

47.     Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

48.     Plaintiff fails to state a claim for which relief may be granted on its cause of action for breach of contract as Plaintiff cannot establish that Auto-Owners had any obligations under the alleged policy for the claimed losses, if any.  Accordingly, the Complaint should be dismissed pursuant to South Carolina Rule of Civil Procedure 12(b)(6).

## FOR A THIRD DEFENSE

49.     Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

50.     Plaintiff fails to state a claim for which relief may be granted on his cause of action for bad faith refusal to pay first-party benefits since Plaintiff cannot show that Auto-Owners acted unreasonably or that there exists an obligation by Auto-Owners to pay any or additional benefits pursuant to the policy. Thus, Plaintiff's claim for bad faith refusal to pay should be dismissed pursuant to South Carolina Rule of Civil Procedure 12(b)(6).

51.     Alternatively, Plaintiff fails to state a claim for which relief may be granted on its cause of action for bad faith refusal to pay first-party benefits since it cannot show Auto-Owners lacked a good faith basis to deny the claim, met the conditions precedent to entitle it to coverage and/or show that it is entitled to coverage under the Policy. Thus, the Plaintiff's claim for bad faith refusal to pay should be dismissed pursuant to South Carolina Rule of Civil Procedure 12(b)(6).

7

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

## FOR A FOURTH DEFENSE

52.     Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

53.     Plaintiff fails to state a claim for which relief may be granted on its claim for attorney's fees since Auto-Owners had a reasonable basis to deny the claim and/or there are no benefits due under the Policy as alleged. Accordingly, Plaintiff's claim for attorney's fees should be dismissed pursuant to South Carolina Rule of Civil Procedure 12(b)(6).

## FOR A FIFTH DEFENSE

54.     Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

55.     To the extent Plaintiff seeks relief against Auto-Owners, any such claim is subject to or precluded by the declarations, terms, provisions, conditions, and exclusions of the Policy which speaks for itself, is unambiguous and is incorporated herein by reference in its entirety. All rights, defenses and claims available under the Policy are hereby expressly reserved.

## FOR A SIXTH DEFENSE

56.     Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

57.     The alleged damages suffered by Plaintiff, if any, were the result of his own acts or omissions or those of other parties, named or unnamed in this action, for which Auto-Owners bears no responsibility.

## FOR A SEVENTH DEFENSE

8

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

58.    Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

59.    The facts not having been fully developed, Auto-Owners affirmatively pleads any of the following defenses that may become applicable to this action: accord and satisfaction, arbitration and award, assumption of the risk, coercion, contract, election of remedies, estoppel, failure of consideration, fraud, illegality, laches, license, payment, notice, release, res judicata, reverse bad faith, satisfaction, statute of frauds, unclean hands, waiver and any other matter constituting affirmative defense or an avoidance.

### FOR AN EIGHTH DEFENSE

60.    Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

61.    The alleged damages suffered by Plaintiff were as a result of his failure to take reasonable actions to adequately mitigate his damages, if any, by undertaking proper reasonable, preventative or curative measures.

### FOR A NINTH DEFENSE

62.    Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

63.    Plaintiff's claims are for losses or damages that are, in whole or in part, limited or excluded under the Policy for which Auto-Owners has reserved all rights and defenses.

### FOR A TENTH DEFENSE

64.    Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

65.    Auto-Owners alleges that any actions were reasonable and in good faith regarding a bona fide dispute.

**FOR AN ELEVENTH DEFENSE**

66.    Auto-Owners adopt and re-alleges each and every allegation set forth above as if fully repeated herein.

67.    To the extent Plaintiff suffered any injuries as alleged, such injuries or damages were caused by Plaintiff's own actions, omissions or conduct, including violating the law, concealment or misrepresentations, such that the Plaintiff is barred from recovery.

**FOR A TWELFTH DEFENSE**

68.    Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

69.    Auto-Owners alleges that if any injuries and damages were sustained by Plaintiff, and the existence of such alleged injuries and damages is denied, said injuries and damages were caused by the sole negligence and/or willfulness of the Plaintiff, without which negligence and/or willfulness by the Plaintiff, said alleged injury or damage would not have occurred or been sustained and, for this reason, Plaintiff is wholly barred from or limited in recovery.

70.    Alternatively, Auto-Owners alleges that if any injuries and damages were sustained by the Plaintiff, and the existence of such alleged injuries and damages is denied, said injuries and damages were caused by the negligence and/or willfulness of the Plaintiff, combining, concurring, and contributing with the negligence and/or willfulness, if any, on the part of Auto-Owners and, for that reason, the Plaintiff's recovery, if any, must be reduced in proportion to the amount of his own negligence.

**FOR A THIRTEENTH DEFENSE**

10

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

71.     Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

72.     The facts not having been fully developed, Auto-Owners reserves any additional and further defenses as may be revealed through the course of discovery and investigation, in a manner that is consistent with the South Carolina Rules of Civil Procedure, and specifically, any and all defenses or remedies permitted by S.C. Code §38-59-10 et seq.

73.     Auto-Owners also incorporate by reference any and all defenses pleaded by Plaintiff in response to the allegations of the Complaint.

## FOR A FOURTEENTH DEFENSE

74.     Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

75.     Any injuries or damages sustained by Plaintiff as set forth in the Complaint, the same were due to the willful, wanton, reckless, careless and negligent act and conduct of others, named or unnamed in this action, which combined with, concurred with, and exceeded any willful, wanton, reckless or negligent acts and conduct on the part of Auto-Owners, which is specifically denied, to bring about the injuries and damages, if any, as the proximate cause thereof, and without which the same would not have occurred and bars any recovery.

## FOR A FIFTEENTH DEFENSE

76.     Auto-Owners adopts and re-alleges each and every allegation set forth above as if fully repeated herein.

77.     Auto-Owners at all times acted reasonably and in good faith in the exercise of its legal rights and at no time breached any duty, acted with any malice or fraud or fraudulent intent or ill-will toward the Plaintiff, or recklessly or wantonly, or with a conscious disregard for

11

the Plaintiff's rights, and, thus, Plaintiff cannot sustain a claim for punitive damages. Further, punitive damages as sought by Plaintiff are excessive, unconstitutional and violate the Due Process Clause of the United States and South Carolina Constitutions.

78.    Auto-Owners assert that Plaintiff's claims may be barred or otherwise limited pursuant to S.C. Code Ann. §15-32-510 et seq. and/or §38-61-10 et seq.

WHEREFORE, having fully answered the Complaint, Auto-Owners prays for the relief requested and any other such relief the Court may deem appropriate.

Respectfully submitted,

*s/Mary D. LaFave*

Mary D. LaFave, SC BAR #75366
Deanene P. Thornwell, SC BAR #76983
LAFAVE BAGLEY, LLC
2019 Park Street
Columbia, South Carolina 29201
Phone: 803.724.5729 (Firm)
mary@lafavebagley.com
deanene@lafavebagley.com

*Attorneys for Defendant Auto-Owners Insurance Company*

June 27, 2026

ELECTRONICALLY FILED - 2026 Jun 27 2:14 PM - SUMTER - COMMON PLEAS - CASE#2026CP4300801

# EXHIBIT A-5

**Email dtd. June 27, 2026, from Mary LaFave,
Counsel for Defendant Auto-Owners Ins. Co.,
to the Clerk of Sumter County, SC,**

| | |
|---|---|
| **From:** | Mary LaFave |
| **To:** | JACampbell@sumtercountysc.org |
| **Cc:** | Gable, Sarah M.; acannon@dncannonlaw.com; Deanene Thornwell; asheheen@thesavagefirm.com; vsheheen@thesavagefirm.com; Lindley, Melissa A.; Kaiser, Todd J.; Shelley Stafford |
| **Subject:** | Lincoln High School Preservation Alumni Association, Inc. v. Auto-Owners Insurance Company and AssuredPartners of South Carolina, LLC, Case No. 2026-CP-43-00801 |
| **Date:** | Saturday, June 27, 2026 2:35:15 PM |
| **Attachments:** | image001.png |
| | image002.png |

**[Caution: Email received from external source]**

Dear Mr. Campbell,

Good afternoon.

I, along with attorney Deanene Thornwell represent Auto-Owners Insurance Company in the above-captioned action. On June 25, 2026, my office filed an Answer which was accompanied by a Notice of Appearance as required by the E-Filing system. That original Answer inadvertently included the co-defendant AssuredPartners of South Carolina, Inc. This was brought to my attention yesterday and it is absolutely an error. I have filed an Amended Answer today, June 27, 2026, that makes the correction as the responsive pleading should have been originally filed <u>only on behalf of Auto Owners</u>.

I am emailing to ask that the Answer filed on June 25, 2026, be retracted as it was filed in error as to AssuredPartners of South Carolina, Inc. I am copying all counsel of record or counsel that will appear in the record in the coming days to make this request.

I apologize for the error and please let us know if there is anything else needed to set the record straight.

Sincerely,

Mary D. LaFave
*Attorney at Law & Certified Mediator*
2019 Park Street
Columbia, South Carolina 29201
mary@lafavebagley.com
(803) 726-6756 (direct line)
(803) 724-5729 (office)



This e-mail and the information transmitted contains PRIVILEGED and

CONFIDENTIAL information and is the property of the sender. If you are not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this information, or the taking of any action in reliance on the content of this information, is strictly prohibited. Nothing in this email should be construed as an offer of settlement or position on the existence/absence of insurance coverage unless expressly stated otherwise. Any settlement information contained in this communication is protected by SCACR 408. All rights and defenses are reserved. If you have received this e-mail in error, please immediately contact Denise Brockwell with LaFave Bagley, LLC, at 803.888.3936 and please delete the original transmittal of this information.

# EXHIBIT B

**State Court Notice of Filing Notice of Removal**

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF SUMTER** | ) | **THIRD JUDICIAL CIRCUIT** |
| | ) | |
| | ) | |
| Lincoln High School Preservation Alumni | ) | Civil Action No. 2026CP4300801 |
| Association, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | **NOTICE TO STATE COURT OF** |
| | ) | **NOTICE OF REMOVAL** |
| vs. | ) | |
| | ) | |
| Auto-Owners Insurance Company and | ) | |
| AssuredPartners of South Carolina, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**TO:**  **Sumter County Court of Common Pleas Third Judicial Circuit**
**State of South Carolina**

PLEASE TAKE NOTICE that the above-captioned matter has been removed to the United

States District Court for the District of South Carolina, Columbia Division pursuant to 28 U.S.C.

§§ 1331, 1367, 1441 and 1446. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**


By: */s/ Sarah M. Gable*
Sarah M. Gable #101810
First Base Building
2142 Boyce Street, Suite 401
Columbia, SC 29201
Phone: 803-252-1300
Fax: 803-254-6517
*sarah.gable@ogletreedeakins.com*

*Attorney for Defendant,*
*AssuredPartners of South Carolina, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, a copy of the foregoing *Notice to State Court of Notice of Removal* was electronically filed with the Clerk of Court using the CM/ECF system. Notice of filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*Attorneys for Plaintiff, Lincoln High School Preservation Alumni Association, Inc.*

Vincent A. Sheheen
Austin M. Sheheen
SAVAGE ROYALL
 & SHEHEEN, LLP
P.O. Drawer 10
Camden, SC 29020
vsheheen@thesavagefirm.com
asheheen@thesavagefirm.com

Arien P. Cannon
CANNON LAW GROUP, PC
512 Rutledge Street
PO Box 532
Camden, SC 29021
acannon@dncannonlaw.com

*Attorneys for Defendant, Auto-Owners Insurance Company*

Mary Daniel LaFave
Deanene Thornwell
LAFAVE BAGLEY
2019 Park Street
Columbia, SC 29201
mary@lafavebagley.com
deanene@lafavebagley.com

/s/ Sarah M. Gable
Sarah M. Gable

*Attorney for Defendant, AssuredPartners of South Carolina, Inc.*

OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
First Base Building
2142 Boyce Street, Suite 401
Columbia, SC 29201
Phone: 803-252-1300
Fax: 803-254-6517

2